IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

TAMARCUS JEFFERSON                                                                                    PLAINTIFF

v.                                              Civil No. 4:17-cv-04089

PEP GLEN, Jail Administrator
Nevada County, Arkansas                                                                              DEFENDANT

## **ORDER**

Before the Court is Plaintiff Tamarcus Jefferson's failure to obey a court order. On October 10, 2017, Plaintiff filed this case *pro se* pursuant to 42 U.S.C. § 1983, in the Eastern District of Arkansas. (ECF No. 1). On October 11, 2017, the case was transferred to the Western District of Arkansas, Texarkana Division. (ECF No. 3).

Plaintiff failed to submit an *in forma pauperis* ("IFP") application with his Complaint. On October 13, 2107, the Court entered an Order giving Plaintiff until November 3, 2017, to either complete and submit the IFP application to this Court or pay the $350 filing fee and $50 administrative fee. (ECF No. 5). The Order informed Plaintiff that failure to return the completed IFP application or pay the fees by November 3, 2017, may result in the dismissal of this case. The Order also advised Plaintiff that failure to inform the Court of any change in address within 30 days after being transferred to another jail or prison may result in the dismissal of this case.

On October 27, 2017, mail sent to Plaintiff was returned as undeliverable. (ECF Nos. 6, 7). More than 30 days have passed since Plaintiff's mail was returned and Plaintiff has not informed the Court of his new address. Plaintiff's last communication with the Court was on October 10, 2017, when he filed his Complaint. (ECF No. 1).

Although *pro se* pleadings are to be construed liberally, a *pro se* litigant is not excused

1

from complying with substantive and procedural law. *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984). The Local Rules state in pertinent part:

> It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently. A party appearing for himself/herself shall sign his/her pleadings. . . . If any communication from the Court to a *pro se* plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice. Any party proceeding *pro se* shall be expected to be familiar with and follow the Federal Rules of Civil Procedure.

Local Rule 5.5(c)(2).

Additionally, the Federal Rules of Civil Procedure specifically contemplate dismissal of a case on the grounds that the plaintiff failed to prosecute or failed to comply with orders of the court. Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962) (stating the district court possesses the power to dismiss *sua sponte* under Rule 41(b)). Pursuant to Rule 41(b), a district court has the power to dismiss an action based on "the plaintiff's failure to comply with *any* court order." *Brown v. Frey*, 806 F.2d 801, 803-04 (8th Cir. 1986) (emphasis added).

In the present case, Plaintiff failed to obey the Court's Order regarding his IFP application and failed to keep the Court informed of his address. Therefore, pursuant to Federal Rule of Civil Procedure 41(b) and Local Rule 5.5(c)(2), the Court finds that this case should be dismissed. Accordingly, Plaintiff's Complaint (ECF No. 1) is **DISMISSED WITHOUT PREJUDICE**.

**IT IS SO ORDERED,** this 11th day of December, 2017.

/s/ Susan O. Hickey
Susan O. Hickey
United States District Judge